CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
12/28/2018
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT EDWARD LEE SHELL,** | ) | CASE NO. 7:18CV00333 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HEATHER L. BOYD, <u>ET</u> <u>AL.</u>,** | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

    In this civil rights action under 42 U.S.C. § 1983, the plaintiff, Robert Edward Lee Shell, a Virginia inmate proceeding <u>pro se</u>, alleges that prison officials violated his constitutional rights in various ways between November 30, 2015 and the present. His claims in the complaint involve past confiscations of personal property items, past disciplinary proceedings, and prison policies prohibiting inmate possession of publications depicting nudity and original pieces of incoming mail, and a policy barring inmates from ordering special food packages if they have recent disciplinary charges.[1] Shell's separate motion for interlocutory injunctive relief, filed months after his initial complaint and concerning an entirely different matter, must be summarily denied.

    As of October 1, 2018, inmates in the custody of the Virginia Department of Corrections ("VDOC") can no longer create and save documents on prison law library research computers, as some inmates had been allowed to do in the past. In the law library at River North Correctional Center ("River North") where Shell is confined, inmates now may use the two computers provided only for legal research. Two typewriters are also provided in that space for inmates to use in drafting legal documents. These devices do not include memory for storing a draft document, and they do not have a function to check spelling.

---

[1] The defendants have filed a motion for summary judgment addressing these claims. Shell has responded to that motion, and the court will address it separately at another time.

Shell states that he is partially disabled. As the result of a stroke, he types with two fingers of his right hand and the thumb of his left hand and also has difficulty recalling immediately the appropriate word. Using software previously available on the law library computers, Shell could leave a blank in his draft when he could not remember the word he wanted, save the draft to the computer, and then during a later editing session, use that software's spelling and grammar function to locate and correct his draft. On the typewriters now accessible to him, he will not have these conveniences. He fears that preparing drafts of future legal documents will take him much more time and effort. Shell contends that with many other readily available alternatives available to prison officials, the policy change to deny him access to word processing software was a "transparent effort to inhibit the ability of VDOC inmates in their access to the courts." Mot. 4, ECF No. 13. Shell demands that the court "issue a temporary injunction and permanent injunction to return the [River North] law library to its previous condition." Id.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). Therefore, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Id. (internal quotation marks and citation omitted). Shell fails to state facts indicating any such relationship between the VDOC's system-wide changes to the computer usage policy and the legal claims in Shell's underlying § 1983 complaint about his personal property and disciplinary convictions and the VDOC's incoming mail policies. As such, the court finds no basis on which to grant his motion for interlocutory relief about the computer policy in this lawsuit. Therefore, the court will deny

Shell's motion. If he wishes to pursue this issue, he may do so in a new and separate civil action. An appropriate order will enter herewith, and the clerk will send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 18th day of January, 2019.

/s/ Jackson L. Kiser
Senior United States District Judge